THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STATE BANK OF SOUTHERN UTAH, a Utah banking corporation,<br><br>Appellant,<br><br>v.<br><br>ALLEN BEAL, an individual,<br><br>Appellee. | **MEMORANDUM DECISION AND ORDER GRANTING [13] MOTION TO STRIKE APPELLANT'S OPENING BRIEF**<br><br>Case No. 2:20-cv-00298-DBB<br><br>District Judge David Barlow |

Before the court is Appellee Allen Beal's motion to strike Appellant State Bank of Southern Utah's (SBSU) principal brief for failure to conform to length requirements and because the brief lacks elements required by rule.[1] Relatedly, Beal requests an extension in the deadline to file his principal brief.[2] Having reviewed the briefing, SBSU's principal brief, and relevant law, the court rules as follows.

Rule 8014(a) requires that several elements be incorporated into an appellant's principal brief in a bankruptcy appeal.[3] Among other things, the brief must include: (1) a corporate disclosure statement; (2) a jurisdictional statement; (3) a statement of the issues presented with the applicable standard of review for each; (4) a concise statement of the case including facts, procedural history, and rulings with references to the record; (5) a summary of the argument; and, (6) if the brief is overlength, a certificate indicating compliance with the type-volume

---

[1] ECF No. 13.

[2] *See id.* The court interprets Beal's request for a stay in the briefing deadlines as a request for an extension pending resolution of the motion to strike.

[3] *See generally* Fed. R. Bankr. P. 8014(a).

requirement.[4] The jurisdictional statement itself must address the basis for the bankruptcy court's subject-matter jurisdiction, the basis for the district court's subject-matter jurisdiction, the filing dates establishing the timeliness of the appeal, and an assertion that the appeal is from a final judgment.[5]

SBSU's principal brief is deficient because it lacks several elements that are not only required by rule, but also helpful in reviewing the matter on appeal. First, although SBSU identifies itself as a Utah Banking Corporation, SBSU did not comply with the disclosure requirement of Rules 8012(a) and 8014(a)(1).[6] Second, the jurisdictional statement is incomplete. SBSU identifies the statutory basis for district court review but does not address the basis for the bankruptcy court's jurisdiction, the filing dates, or state that the appeal is from a final judgment.[7] Third, SBSU presents eight issues for review, most of which lack a concise statement of the applicable standard of appellate review.[8] The brief offers general standards of review applicable to appellate review of bankruptcy court decisions, but it fails to identify the standard of appellate review applicable to the specific issues or the challenged decision of the bankruptcy court. Fourth, although SBSU largely cites the record for its fact statements, it presents several facts without any citation.[9] Fifth, SBSU's brief lacks a section providing a summary of the argument section. Sixth, SBSU failed to include a certificate of compliance with the type-volume limitation requirement. Two months after it filed its principal brief, SBSU filed a certificate

---

[4] *Id.* R. 8015(a)(1), (4), (5), (6), (7), (10).

[5] *See id.* R. 8014(a)(4)(A), (B), (C), (D).

[6] *Id.* R. 8014(a)(1); *id.* R. 8012(a) ("Any nongovernmental corporation that is a party to a proceeding in the district court or BAP must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.").

[7] *Id.* R. 8014(a)(4)(A), (C), (D).

[8] *Id.* R. 8014(a)(5).

[9] *Id.* R. 8014(a)(6).

indicating that its brief met the 13,000-word limit. Standing alone, many of these issues are relatively minor. Collectively, however, they render Appellant's principal brief inadequate and it must be stricken.[10]

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court GRANTS Beal's Motion to Strike.[11] Appellant's principal brief is stricken and the court ORDERS Appellant to serve and file an amended brief that complies with the Federal Rules of Bankruptcy Procedure within fourteen days of the date of this order. Appellee shall have 30 days from the date of filing of Appellant's amended principal brief to serve and file his principal brief.[12] If Appellant chooses to file a reply brief, that brief shall be served and filed within 14 days of the Appellee's principal brief.[13]

Signed March 26, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[10] Because the court is striking the Opening Brief, Beal's overlength argument is rendered moot. Additionally, because the court is ordering SBSU to file an amended brief, Beal's request for an extension is granted.

[11] ECF No. 13.

[12] *See generally* Fed. R. Bankr. P. 8018.

[13] *Id.*