THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STATE BANK OF SOUTHERN UTAH,<br><br>            Appellant,<br><br>v.<br><br>ALLEN BEAL,<br><br>            Appellee. | **MEMORANDUM DECISION AND ORDER AFFIRMING BANKRUPTCY COURT'S DECISION GRANTING MOTION TO DISMISS**<br><br>Case No. 2:20-cv-00298-DBB<br><br>District Judge David Barlow |

Allen Beal filed for Chapter 7 bankruptcy and State Bank of Southern Utah ("SBSU") planned to contest the discharge of certain debts in an adversary proceeding.[1] Counsel for SBSU did not successfully file a complaint before the 60-day deadline, and the Bankruptcy Court denied a motion to extend and dismissed the Bank's complaint.[2] Because the Bankruptcy Court did not err in finding that the complaint was filed late due to user error and in denying relief, the judgment below is AFFIRMED.

## BACKGROUND

On January 15, 2019, Allen Beal filed a chapter 7 bankruptcy case; his meeting of creditors was scheduled for February 20, 2019.[3] Under Federal Rules of Bankruptcy Procedure 4004(a) and 4007(c), the 60-day deadline for filing a complaint objecting to Beal's discharge and

---

[1] R. at 770.
[2] R. at 795.
[3] R. at 770.

to except debts from his discharge fell on April 22, 2019.[4] Counsel for SBSU attended the meeting of creditors and scheduled a Rule 2004 examination of Beal for April 22 at 9:30 AM.[5] The exam concluded around 3:00 PM, leaving counsel until the midnight deadline to file the complaint.[6]

SBSU's counsel completed drafting the complaint (on which he had begun work prior to the Rule 2004 examination) at 11:24 PM, according to metadata on the document.[7] He finished creating PDF files of exhibits at 11:36 PM and logged into the court's Electronic Case Filing System ("CM/ECF") at 11:40 PM, 20 minutes before the filing deadline.[8]

Once logged in to CM/ECF, SBSU's counsel experienced significant difficulties filing his complaint. He reached a page that requested the user to input a monetary demand in a field that read "Demand ($000) ____."[9] The "($000)" notation signifies that the demand should be entered in thousands of dollars, but counsel interpreted it to mean that he should include a dollar sign when entering a demand.[10] If a filer inputs a symbol other than an integer, such as a dollar sign or comma, the CM/ECF system will return an error that reads, "You have to enter a valid integer number."[11] Counsel used a dollar sign when entering the monetary demand and testified that the form returned an error that he recalls as "integer missing."[12] He attempted to remedy the

---

[4] *Id.*; Fed. R. Bank. P. 4004(a) ("a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors. . . ."); Fed. R. Bank. P. 4007(c) ("a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors. . . .").
[5] R. at 770.
[6] *Id.*
[7] *Id.*
[8] R. at 770–71.
[9] R. at 771.
[10] *Id.*
[11] *Id.*
[12] *Id.*

error and testified that he went through "many, many permutations" with or without dollar signs or commas until CM/ECF eventually advanced to the next page.[13]

After proceeding through another page, counsel arrived at a page titled "Open Adversary Case."[14] The Open Adversary Case page notes that there is a $350 fee for filing the complaint, but the CM/ECF system does not allow the user to pay the fee until the filing process is complete.[15] Counsel for SBSU claims that the screen contained a button labelled "Pay Next $350" but the system would not advance when the button was clicked.[16] Counsel testified that the CM/ECF system returned an error that he recalled as "Case opening failed. Writing answer record."[17] Gary Gfeller, the Bankruptcy Court's Chief Deputy Clerk, testified that he was unfamiliar with this message and that the message would not make any sense, because for the system to write a record, there has to be an open case.[18] During this process, counsel for SBSU contends that he attempted to use the browser's "back" button multiple times to return to previous steps, but he does not contend he ever closed his browser or restarted his computer to attempt a hard reset to the filing process.[19]

Counsel surmised that he would not be able to file his complaint before midnight, and instead emailed a copy to Beal's counsel.[20] After attempting to send the complaint to the

---

[13] R. at 772.
[14] Id.
[15] R. at 772–73.
[16] Am. Appellant Br., ECF No. 21, at 13. SBSU's amended brief is not properly paginated; thus, any citations to the amended brief will include pincites that refer to the CM/ECF pagination of the PDF. The Bankruptcy Court found that, although counsel claims he attempted to pay the fee at this stage in the filing process, the page at this point in the process is not meant to accept payment. R. at 773. Furthermore, although counsel suggested that clicking the "Next" button should have opened a new window, court employees testified that no new window should appear at this point in the process. R. at 608, 773.
[17] R. at 773.
[18] R. at 704.
[19] See R. at 774; ECF No. 21, at 22–23.
[20] ECF No. 21, at 23.

incorrect email address, counsel delivered a second email to the correct address at 12:02 AM on April 23.[21] The email stated that counsel had been "trying to file the Bank's complaint for 25 minutes but there were problems with the software."[22]

After returning to the CM/ECF system, counsel finally successfully filed his complaint at 12:16 AM on April 23.[23] At 8:59 AM staff from counsel's office paid the $350 filing fee.[24]

Because the complaint was filed 16 minutes after the 60-day deadline, SBSU filed a motion for extension of time for filing the complaint.[25] Beal objected to the extension and moved to dismiss the complaint.[26] The Bankruptcy Court held a two-day evidentiary hearing[27] and issued a decision denying SBSU's motion for extension of time and granting Beal's motion to dismiss on the basis that the untimely filing was caused by user error on the part of SBSU's counsel.[28] SBSU timely appealed.

## STANDARD OF REVIEW

A district court "review[s] the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard."[29] "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, [the district court is] left with the definite and firm conviction that a mistake has been made."[30] If certain factual findings are based on "determinations regarding the credibility of the witnesses, Rule

---

[21] R. at 774–75; ECF No. 21, at 23.
[22] ECF No. 21, at 23.
[23] R. at 776.
[24] *Id.*
[25] ECF No. 21, at 26.
[26] *Id.*
[27] *Id.*
[28] R. at 769.
[29] *In re Miniscribe Corp.*, 309 F.3d 1234, 1240 (10th Cir. 2002) (internal quotations omitted); *Strong v. Prince, Yeates & Geldzahler*, 416 F. Supp. 3d 1300, 1308 (D. Utah 2019).
[30] *Id.*

52(a) [of the Federal Rules of Civil Procedure] demands even greater deference to the trial court's findings."[31] In resolving a mixed question of law and fact, the district court conducts a *de novo* review if the question primarily involves a question of legal principles and applies the clearly erroneous standard if the question is primarily a factual inquiry.[32] The review of a bankruptcy court's use of equitable power is for abuse of discretion.[33]

To survive a Rule 12(b) motion to dismiss, "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face."[34] It is appropriate to resolve questions of timeliness on a 12(b) motion.[35]

## DISCUSSION

SBSU argues that the Bankruptcy Court erred in dismissing its complaint because its complaint was plausible on its face, and because the court below erred in finding that there was no malfunction in the CM/ECF system. SBSU makes twelve numbered arguments as to why the Bankruptcy Court erred.[36] The court initially addresses SBSU's first five arguments that the Bankruptcy Court erred because the complaint was facially plausible. Then, the court turns to

---

[31] *In re Vaughn*. 765 F.3d 1174, 1180 (10th Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985)).
[32] *In re Wes Dor, Inc.*, 996 F.2d 237, 241 (10th Cir. 1993); *U.S. Bank Nat'l Ass'n* ex rel *CWCapital Asset Mgmt. LLC v. Vill. At Lakeridge, LLC*, ___ U.S. ___, 138 S. Ct. 960, 967 (2018) ("[S]ome [mixed questions] require courts to expound on the law, particularly by amplifying or elaborating on a broad legal standard. When that is so—when applying the law involves developing auxiliary legal principles of use in other cases—appellate courts should typically review a decision de novo . . . . [O]ther mixed questions immerse courts in case-specific factual issues—compelling them to marshal and weigh evidence, make credibility judgments, and otherwise address what we have (emphatically if a tad redundantly) called 'multifarious, fleeting, special, narrow facts that utterly resist generalization.' And when that is so, appellate courts should usually review a decision with deference." (internal citations omitted)).
[33] *In re Maughan*, 340 F.3d 337, 344 (6th Cir. 2003); *In re Myrvang*, 232 F.3d 1116, 1121 (9th Cir. 2000).
[34] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quotations omitted).
[35] *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016); *Aldrich v. McCulloch Props.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (noting that statute of limitations questions may be resolved on a 12(b) motion).
[36] *See* ECF No. 21 at 2–4.

examine SBSU's remaining seven arguments that the Bankruptcy Court erred in its factual determinations and in denying relief.

### I. SBSU's Arguments I through V that the Bankruptcy Court erred in dismissing its claims based on the plausibility of the allegations are irrelevant because the Bankruptcy Court dismissed SBSU's claims based on timeliness.

SBSU makes an extensive argument that the Bankruptcy Court erred in dismissing parts of its complaint because, even if Beal's discharge was granted, it would not bar enforcement of the Bank's perfected security interests in collateral.[37] SBSU argues that its complaint included a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment, and thus "the claims satisfy the plausibility standard under *Twombly* and *Iqbal*."[38] Therefore, the Bank argues, the Bankruptcy Court's judgment dismissing the Bank's claims "must be reversed as a matter of law."[39] But the Bankruptcy Court's decision dismissing SBSU's claims was not based on federal pleading requirements. Rather, its decision was entirely predicated on the fact that SBSU failed to file its complaint in a timely manner.[40] The *Twombly* and *Iqbal* pleading requirements have no bearing on this appeal, as the only issue that the Bankruptcy Court addressed was whether to dismiss SBSU's complaint based on timeliness.

Beal also argues that SBSU waived the foregoing argument because it did not raise it before the Bankruptcy Court. In the Tenth Circuit, a district court that sits in appellate review of a bankruptcy court's decision may consider an issue not raised below if it concludes that the

---

[37] *See* Am. Appellant Br., ECF No. 21, at 32–39.
[38] *Id.* at 39.
[39] *Id.*
[40] R. at 795 ("SBSU's complaint was tardily filed, and the Court finds no basis to extend the time to file it under any of the theories proposed by SBSU. The Court will therefore deny SBSU's Motion to Extend and grant Beal's motion to dismiss.").

issue is dispositive and resolution of the issue does not require finding any additional facts.[41] Thus, Beal is correct that SBSU did not raise these issues in the Bankruptcy Court, but incorrect that this court is absolutely barred from considering them because they were not properly preserved for appeal.[42] Still, a prerequisite for this court to consider issues not raised below is that the issues in question are dispositive.[43] And the plausibility of SBSU's claims has no effect on the Bankruptcy Court's decision. The Bankruptcy Court granted the motion to dismiss entirely based on the timeliness of the complaint.[44] Even if SBSU's claims are plausible, it would not affect the outcome of the decision below because the complaint was dismissed based on the fact it was filed after the 60-day deadline.

Additionally, an appellate court generally should "refuse to consider arguments raised for the first time on appeal unless sovereign immunity or jurisdiction is in question."[45] Even if a district court has slightly more latitude to address newly raised issues in appeals from bankruptcy courts, there is no reason for this court to consider new issues that, given the Bankruptcy Court's ruling, have no bearing on the outcome of this matter. Furthermore, this court would not have the benefit of a fully developed record on these issues as they were not argued at the Bankruptcy Court. Given that they neither were argued below nor are dispositive, SBSU's Arguments I through V are not appropriate for resolution here and thus will not be considered on appeal.

---

[41] *In re Hart*, 923 F.2d 1410, 1413–14, 1416 (10th Cir. 1991) (per curiam) ("The district court did not consider this issue, on the grounds that 'the issue is not before this Court on appeal.' However, the district court could have addressed the issue had it concluded that it was dispositive. (citations omitted)), *overruled on other grounds by In re Wicks*, 5 F.3d 1372, 1373 (10th Cir. 1993) (overruling *Hart* only to the extent it conflicts with *Nobelman v. Am. Sav. Bank*, 508 U.S. 324 (1993)).
[42] *See* Appellee Br., ECF No. 22, at 2–4.
[43] *Hart*, 923 F.2d at 1413-14.
[44] R. at 795.
[45] *Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995) (quoting *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992).

**II. The Bankruptcy Court did not err in granting Beal's motion to dismiss because SBSU did not timely file a complaint.**

If a bankruptcy court is inaccessible, then the deadline for filing shifts to the next day.[46]

To address potential malfunctions with the CM/ECF system, the Bankruptcy Court for the

District of Utah enacted Local Rule 5005-2(g), which provides that "[a]n ECF Filer or other

party whose filing is made untimely as the result of a technical failure by the court may seek

appropriate relief from the court."[47] Certainly, this rule provides an avenue for the bankruptcy

court to fashion an equitable remedy for a late filing not caused by the fault of the user. But here,

the Bankruptcy Court determined that the complaint was not timely filed;[48] that the Complaint

was filed late due to user error, not system malfunction;[49] and that no other equitable relief was

warranted.[50] This court reviews the Bankruptcy Court's factual determinations under the clearly

erroneous standard and its ultimate legal determination *de novo*.[51]

**A. The Bankruptcy Court did not clearly err in determining that the complaint was not timely filed.**

The Bankruptcy Court first addressed SBSU's contention that it had filed its complaint in

a timely fashion, but the CM/ECF system was malfunctioning and did not record the filing

properly.[52] The lower court found that SBSU filed its complaint at 12:16 AM on April 23 and

failed to find any evidence that indicated that SBSU's complaint was filed earlier but not

---

[46] Fed. R. Bank. P. 9006(a)(3).
[47] Bank. D. Ut. LBR 5005-2(g).
[48] R. at 783.
[49] R. at 789.
[50] R. at 791.
[51] *In re Vaughn*. 765 F.3d 1174, 1180 (10th Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985)).
[52] R. at 783.

8

recorded by CM/ECF.[53] Thus, the court concluded as a finding of fact that SBSU filed its complaint on April 23, after the deadline.[54]

The lower court's determination that SBSU's complaint was filed on April 23 was not clearly erroneous. The best indication of when the complaint was filed is, of course, the CM/ECF system's own time stamp. That evidence alone is enough to support the Bankruptcy Court's finding that the complaint was filed on April 23. The lack of evidence of any earlier filing further supports the Bankruptcy Court's factual finding.[55] The Bankruptcy Court's finding has extensive support in the record, and this court is under no impression that a definite mistake was made in the lower court's assessment of the facts. The Bankruptcy Court's finding that SBSU's complaint was filed on April 23 was not clearly erroneous. Thus, the court proceeds to analyze whether the Bankruptcy Court erred in finding that user error caused the late filing and refusing to permit SBSU to remedy its late filing.

### B. The Bankruptcy Court did not clearly err in determining that user error, not system malfunction, caused the late filing.

The Bankruptcy Court made the factual finding that "there [was] no evidence of a technical failure" with the CM/ECF system when counsel for SBSU attempted to file the complaint.[56] Instead, the court concluded that any supposed technical failures were the result of

---

[53] R. at 783–84.

[54] R. at 784.

[55] In Argument VI.G of its appellate brief, SBSU argues that the Bankruptcy Court's finding that the complaint was filed on April 23 was clearly erroneous because of a discrepancy in the "filing date" of April 23 and "entered date" of April 22 on the CM/ECF case report. ECF No. 21 at 47. The Bankruptcy Court made the factual finding that this discrepancy is easily explained by the fact that counsel began the filing process before midnight but did not finish until the next morning. R. at 779–80. This finding of fact was not clearly erroneous because it was firmly supported by testimony from court employees. *Id.* at 779. In short, what matters is the filing date, not the entered date.

In Argument VI.F, SBSU also alleges that "numerous filing attempts were made prior to 12:16 AM." ECF No. 21 at 46. This is irrelevant. It has no bearing on the outcome of the case if counsel *attempted* to file before the deadline, only whether he *completed* filing before the deadline.

[56] R. at 788.

user errors.[57] To support this conclusion, the Bankruptcy Court noted that the evidence demonstrated that the CM/ECF system was functioning correctly—SBSU's counsel experienced no technical difficulties until he reached the CM/ECF page with the demand field;[58] the CM/ECF system correctly returned a "You have to enter a valid integer number" when counsel entered a dollar sign or commas in the demand field;[59] and counsel for SBSU ultimately succeeded in uploading and filing his complaint.[60] Thus, the Bankruptcy Court found that, at the very least, the CM/ECF system was functional for some of the time that SBSU's counsel was attempting to upload the complaint and that it was very unlikely for the system to be rapidly toggling between short periods of functionality and error.[61] The court ultimately found that the most likely explanation for counsel's difficulties in filing the complaint was not that the CM/ECF system was malfunctioning intermittently but that "the supposed technical failures of CM/ECF were in fact user errors committed by [SBSU's counsel]."[62]

This court sees no basis for overturning these factual findings by the Bankruptcy Court. SBSU points to no evidence that would suggest that it was more likely that CM/ECF was periodically malfunctioning than that SBSU's counsel was making mistakes in the electronic

---

[57] R. at 789.

[58] R. at 788.

[59] *Id.*

[60] R. at 789. In Argument VI.H, SBSU contends that the CM/ECF system was malfunctioning because it was abnormal that the Pay.Gov window did not open after the filing and instead opened the next morning. ECF No. 21 at 48. Regardless of this, the Bankruptcy Court's factual finding that the system was functioning properly is amply supported by evidence. The contention that a post-filing event occurred belatedly does not make the Bankruptcy Court's finding clearly erroneous.

     SBSU also argues in Argument VI.E that court employee Gloria Igo reviewed the complaint in the morning and corrected the demand amount that counsel had entered so that it matched the complaint. *Id.* at 45–46. The fact that, after filing, a court employee made changes to the CM/ECF docket is immaterial to whether the CM/ECF system was malfunctioning at the time that counsel attempted filing.

[61] R. at 789.

[62] *Id.*

filing process. The Bankruptcy Court was in the best position to weigh the credibility of evidence and testimony below.[63] Indeed, the court found that SBSU's counsel's testimony was sometimes not credible and "marked by notable contradictions, imprecisions, and elisions in important areas."[64] Specifically, the Bankruptcy Court pointed to multiple instances in which SBSU's counsel's testimony was directly contradicted by testimony from court employees about the CM/ECF filing process or the functionality of the CM/ECF system.[65] The Bankruptcy Court's evaluation of the credibility of witnesses is supported by evidence and is not clearly erroneous. And ultimately, there is no reason to question the court's factual determination that the complaint was filed late due to user error. Thus, this court will accept the Bankruptcy Court's factual determinations.

SBSU nonetheless contends that the Bankruptcy Court erred by not finding that the CM/ECF system malfunctioned in several distinct ways. First, SBSU argues that the filing direction in the demand field contained an instruction to include a dollar sign and was thus inaccurate.[66] The demand-entry page contains an input field that contains the following instruction: "Demand ($000) _____."[67] SBSU's argues that this instruction "clearly implies that the amount to be inserted should include a dollar sign and that the bankruptcy court's conclusion to the contrary is in error."[68] But counsel's misinterpretation of the allegedly ambiguous "($000)" does not constitute a CM/ECF malfunction. The Bankruptcy Court found that counsel

---

[63] *United States v. Jackson*, 579 F.2d 553, 558 (10th Cir. 1978) ("The evaluation of the credibility of a witness is a matter for the trial court or the jury and is not a function of an appellate court.").
[64] R. at 15.
[65] R. at 14–15.
[66] ECF No. 21 at 40.
[67] *Id.*
[68] *Id.*

"interpreted [the instruction] to require that he put in the amount of damages with a dollar sign," but "[t]hat interpretation was incorrect."[69] The Bankruptcy Court further found that "there is not evidence that any of the problems [counsel] faced on April 22 and 23 were technical failures."[70] The fact that counsel misinterpreted this instruction does mean that a technical error existed in the CM/ECF system.[71]

Next, SBSU argues that the Bankruptcy Court's finding that SBSU's counsel did not enter a demand without a dollar sign are clearly erroneous.[72] But SBSU misrepresents the Bankruptcy Court's findings. The Bankruptcy Court found that counsel "never testified that he had removed the dollar sign from the demand field during *these attempts*," referring to attempts made before 11:45 PM.[73] The Bankruptcy Court immediately then adds: "The time was then about 11:45 p.m. [Counsel] kept trying, going through 'many, many permutations,' some with dollar signs and some without, some with commas and some without."[74] SBSU's claim that the Bankruptcy Court found that counsel never attempted to enter the demand amount without a

---

[69] R. at 771.

[70] *Id.* at 789. It may be the case that counsel's misinterpretation of the demand field cost him a few minutes in filing, but there is insufficient record evidence that could cause this court to conclude that it caused him to file late. The Bankruptcy Court found that counsel logged on to CM/ECF at 11:40 PM and that he did not attempt to remove the dollar sign from the input until at least 11:45 PM. *Id.* at 771. Had counsel interpreted the demand field correctly it might have saved him a few minutes, but the complaint was filed 16 minutes late.

[71] In Argument IX of the appellate brief, SBSU disputes the Bankruptcy Court's conclusion that SBSU's counsel was unfamiliar with the Bankruptcy filing system and requests that this court take judicial notice of five bankruptcy proceedings in which counsel was involved. ECF No. 21 at 54. Resolution of this factual dispute is unnecessary. But the court notes that the inference SBSU seeks—that its counsel was familiar with the filing system—makes its argument about filing instruction ambiguities more difficult, not less.

In Argument VI.D, SBSU also argues that "the evidence was conclusive that there is not a current manual for the [CM/ECF] System. *Id.* at 45. Whether or not there was a current manual for the system is wholly irrelevant to the question of whether the CM/ECF system was malfunctioning.

[72] *Id.* at 42.

[73] R. at 771 (emphasis added).

[74] R. at 771–72.

dollar sign is entirely incorrect.[75] Furthermore, the Bankruptcy Court's determination that counsel did not attempt to use a dollar sign before 11:45 PM and then tried entering many permutations after 11:45 PM was not clearly erroneous—there is no evidence that counsel attempted to remove the dollar sign before 11:45 PM.

Next, SBSU contends that there was a technical error in the system because the browser's "back" button did not function properly.[76] Clicking the "back" button while in the filing process does not clear the metadata in the CM/ECF system and prevents the user from properly filing.[77] Only if the user logs out of CM/ECF or returns to the initial screen does the browser's cache clear and allow the user to begin the filing process anew without error.[78] SBSU contends that this amounts to a defect in the CM/ECF system.[79] The Bankruptcy Court found that a court administrator recommended that counsel "clear [his] cache and start over if [he] encounter[ed] those types of problems" and that he "never told [counsel] that the problems were due to malfunctions with the CM/ECF software."[80] This supports the Bankruptcy Court's factual determination that there was no malfunction with the CM/ECF system.

---

[75] The court finds counsel's mischaracterization of the Bankruptcy Court's finding disturbing. As noted above, SBSU's counsel cited one sentence from the Bankruptcy Court's opinion on this issue and left out the two sentences that immediately follow. The two sentences he excluded undercut his position. When this was pointed out by Beal's counsel in his brief (ECF No. 22 at 19–20), SBSU's counsel continued to ignore the sentences in the opinion which rendered the argument baseless, instead doubling down on the meritless claim that the "bankruptcy court found the Bank's Counsel never later attempted to enter the demand amount without a $ sign." (ECF No. 25 at 18–19). Counsel must be much more careful in the future to make accurate and complete representations about the record.
[76] ECF No. 21 at 43.
[77] *Id.* at 15.
[78] *Id.*
[79] *Id.* at 43.
[80] R. at 781 n. 51. Even if this statement conflicts with that of SBSU's counsel, the Bankruptcy Court weighed the credibility of the testimony below and found that counsel's testimony was "marked by notable contradictions, imprecisions, and elisions in important areas." *Id.* at 782. This determination is best made by the trial court and this court will accept it on appellate review.

Finally, SBSU contends that the fact that the CM/ECF system would not advance when the "Pay Next $350" button was clicked indicates that the system was malfunctioning.[81] It argues that if a filer cannot get past the Next Pay button then a filing cannot be completed.[82] The Bankruptcy Court held that SBSU's counsel's testimony was not credible with regards to what occurred when counsel attempted to pay the filing fee.[83] The court noted that no visual evidence was presented as to what difficulties counsel might have encountered in this stage of the filing process and that testimony from court employees indicates that at some point counsel did advance beyond the Next Pay screen.[84] The Bankruptcy Court's factual finding that there was no malfunction with the Next Pay button was supported by evidence, based on its determination of the credibility of the witnesses, and not in clear error. Thus, this court finds no reason to overturn the factual finding. Furthermore, whether or not counsel was able to pay the $350 filing fee or whether or not the Pay.Gov window opened has no effect on the timeliness of the complaint, as the filing fee can only be paid after filing is completed.[85] The Bankruptcy Court's factual finding that there was no CM/ECF system malfunction was not clearly erroneous.

### C. The Bankruptcy Court did not err in refusing to grant SBSU an extension of time to file the complaint.

The court now turns to the Bankruptcy Court's ultimate legal determination not to grant an extension to file the complaint and to instead grant Beal's motion to dismiss. The court

---

[81] ECF No. 21 at 48.
[82] *Id.* at 49.
[83] R. at 782.
[84] *Id.*
[85] R. at 773 ("it is always the case in CM/ECF that if a fee must be charged for filing a document, it will only be charged after the Notice of Electronic Filing (NEF) is finished, which indicates that the filing process has been completed."). The court notes that "CM/ECF will open a window prompting the user to pay the fee now or defer payment until the end of the day, when the filer can pay for all fees incurred during the day. If the filer chooses to pay now, CM/ECF will direct the filer to an external website at Pay.gov." *Id.* at 773 n. 19. This further supports the factual determination that whether counsel could pay the filing fee had no effect on the timeliness of the complaint.

reviews these determinations *de novo*. There are two legal avenues through which SBSU seeks to admit the untimely filed complaint. First, in Arguments VI, VII, and XII, SBSU contends that the lower court erred in refusing to apply Bankruptcy Rule 9006(a)(3) through Local Rule 5005-2(g) to grant an extension because of a technical failure of the CM/ECF system.[86] Second, in Argument VIII, SBSU argues that the lower court erred by refusing to use its equitable power under 11 U.S.C. § 105(a) to fashion a remedy when the court's actions caused a party to miss a deadline.[87] The court addresses these arguments in turn.

Federal Rule of Bankruptcy Procedure 9006(a)(3) extends the filing deadlines in cases where the court is inaccessible.[88] The advisory committee comments to the 2009 amendment to the rules note that "the concept of [inaccessibility] will continue to develop through caselaw" and that "many local provisions address inaccessibility for purposes of electronic filing."[89] The District of Utah Bankruptcy Court's local rule addressing inaccessibility for the purposes of electronic filing states that "[a]n ECF Filer or other party whose filing is made untimely as the result of a technical failure by the court may seek appropriate relief from the court."[90] The Bankruptcy Court found that application of this rule was inappropriate because there was no technical failure and the late filing was caused by user error.[91] Nonetheless, SBSU contends that there were multiple defects in the CM/ECF filing process. As explained above, this court affirms

---

[86] ECF No. 21, at 49. *See also* Fed. R. Bank. P. 9006(a)(3) (Unless the court orders otherwise, if the clerk's office is inaccessible . . . on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. . . ."); Bank. D. Ut. LBR 5005-2(g) ("An ECF Filer or other party whose filing is made untimely as the result of a technical failure by the court may seek appropriate relief from the court.").
[87] ECF No. 21, at 51. Section 105 provides that "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11 of the U.S.C.]." 11 U.S.C. § 105(a).
[88] Fed. R. Bank. P. 9006(a)(3).
[89] Advisory Committee Notes to 2009 Amendments, Rule 9006, Subdivision (a)(3).
[90] Bank. D. Ut. LBR 5005-2(g).
[91] R. at 788.

the Bankruptcy Court's factual findings that it was user error, not system malfunction, that caused the late filing.

Given that the late finding was the result of user error, this court will not reverse the Bankruptcy Court's finding that relief under Local Rule 5005-2(g) would be inappropriate here. Certainly, Rule 5005-2(g) or analogous local rules provide an avenue for relief when late filing was caused by a technical failure outside of the filer's control.[92] But when the late filing is due to the fault, neglect, or oversight of the filing party, the court is not obligated to extend the deadline.[93] Counsel, running out of time to file a complaint, made errors during the CM/ECF filing process that prevented him from meeting the deadline. The Bankruptcy Court did not err in concluding that the difficulties that SBSU's counsel faced were not caused by technical failures of the CM/ECF system, and thus relief is unavailable under Local Rule 5005-2(g).[94] Furthermore, the courthouse is not rendered "inaccessible" if user error, not technical failure, causes an untimely filing.[95] For that reason, relief under Bankruptcy Rule 9006(a)(3) is also

---

[92] *See In re Schrag*, 464 B.R. 909, 918 (D. Or. 2011) (holding that relief under an analogous local rule was appropriate when there was an undisclosed technical error with the CM/ECF system that caused incompatibility with certain browsers). *Cf. In re Gibrick*, 561 B.R. 470, 476 (Bank. N.D. Ill. 2016) (holding that motion to dismiss was not warranted where it was conceivable that late filing was the result of a CM/ECF failure but noting that "the filing deadline is not extended, if the filer's own computer or connectivity problems are to blame.").

[93] *See, e.g.*, *In re Sands*, 328 B.R.614, 619 (Bank. N.D.N.Y. 2005) (holding that dismissal was warranted when counsel logged into the CM/ECF system 11 minutes before a deadline and a slow internet connection prevented them from timely filing); *In re Sizemore*, 341, B.R. 658, 660 (Bank. N.D. Ind. 2006) (holding that dismissal was warranted when counsel experienced computer problems while the CM/ECF system was functioning properly); *In re Wright*, No. CC-09-1388-DuMkJa, 2010 WL 6259968, at *2, 5 (B.A.P. 9th Cir. 2010) (holding that dismissal was warranted when counsel logged in 10 minutes before deadline and attempted to file complaint in PACER rather than CM/ECF); *In re Schwartz*, No. 5:09-cv-05831-EJD, 2012 WL 4344544, at *5–6 (N.D. Cal. 2012) (holding that dismissal was warranted where late filing was the result of counsel mistakenly relying on instructions on the district court's website instead of that of the bankruptcy court); *Nelroy Drugs, Inc. v. Rochester Drug Coop., Inc.*, No. 20-cv-06946-FPG, 2021 WL 1534730, at *4 (W.D.N.Y. 2021) (holding that dismissal of a motion to reconsider was warranted where the bankruptcy court sent out multiple notices of an upcoming CM/ECF system outage and appellants neither planned to file before the outage nor proactively sought an extension).

[94] R. at 789.

[95] *E.g.*, *Sizemore*, 341 B.R. at 660.

unavailable. The Bankruptcy Court did not err in denying the motion for an extension under these two rules.

In Argument XI, SBSU contends that the District of Oregon case *In re Schrag* is similar to this case and supports reversal.[96] In *Schrag*, the district court extended relief under a local rule where there was an undisclosed technical error in the e-filing system that caused incompatibility with certain browsers.[97] *Schrag* is not applicable here. In *Schrag* the court explicitly held that the "filing was made untimely by a court-caused technical problem,"[98] whereas in this case the late filing was due to user error, not the court or the filing system. And, of course, *Schrag* is from another district and was applying another district's local rule.

SBSU's Argument VII is that the Bankruptcy Court erred in refusing to exercise its equitable powers under 11 U.S.C. § 105(a) to extend the filing deadline.[99] The statute gives the court authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title,"[100] which includers the power to correct the court's own mistakes and "allow an out-of-time filing when the creditor relies upon a bankruptcy court notice setting an incorrect deadline.[101] SBSU relies on *Themy* to argue that an analogous factual situation arises here—that "attorneys are without power to file a document if the System is not functioning properly" and that "the Bank's Counsel attempted numerous times to file the complaint timely but the System did not function properly.[102] SBSU's argument for equitable relief, however, is

---

[96] ECF No. 21, at 55.
[97] *In re Schrag*, 464 B.R. 909, 918 (D. Or. 2011).
[98] *Id.* at 918.
[99] ECF No. 21, at 51.
[100] 11 U.S.C. § 105(a).
[101] *In re Themy*, 6 F.3d 688, 690 (10th Cir. 1993).
[102] ECF No. 21, at 52.

entirely predicated on the fact that it would be unfair not to extend the filing deadline because the CM/ECF system was malfunctioning. As discussed earlier, the Bankruptcy Court did not err in finding that user error caused the complaint to be untimely filed. Therefore, *Themy* is not applicable here because the late filing was not the result of an error by the court—there is no mistake by the court that needs correcting. Thus, SBSU's argument for equitable relief under 11 U.S.C. § 105(a) fails.[103]

The court is sympathetic to the challenges counsel for SBSU experienced in attempting to file. Attempting to file so close to the deadline left little margin for error. And given that SBSU's successful filing occurred very shortly after the deadline, the result seems harsh. But for the foregoing reasons, the Bankruptcy Court did not err in holding that user error, not system malfunction, caused the late filing and thus did not err in denying relief under Local Rule 5005-2(g) or 11 U.S.C. § 105(a).

## ORDER

In conclusion, SBSU did not timely file its complaint. The Bankruptcy Court did not err in denying the Bank's motion to extend the deadline and granting Beal's motion to dismiss. The Bankruptcy Court's decision is AFFIRMED.

Signed September 16, 2021.

BY THE COURT

David Barlow
United States District Judge

---

[103] SBSU also contends, in Argument X, that the Bankruptcy Court was mistaken in finding that the 16-minute filing delay caused Beal great prejudice. *Id.* at 55. Prejudice is irrelevant because, as explained above, SBSU is not entitled to equitable relief regardless of what prejudice Beal did or did not suffer.